FILED

DEC 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GRANT PAUL JONES,

        Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant - Appellee.

No. 13-35995

D.C. No. 3:12-cv-06092-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted December 9, 2015[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Grant Paul Jones appeals the district court's decision affirming the

Commissioner of the Social Security Administration's ("SSA") denial of his

applications for Social Security Disability Insurance benefits and Supplemental

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Income disability benefits. Because the administrative law judge ("ALJ") properly weighed the evidence to determine that Jones was not disabled under the terms of the Social Security Act, 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3), we affirm.

Because the parties are familiar with the facts, we do not repeat them here. In addition, in light of Jones's request that the briefs and excerpts of record be sealed, our disposition omits facts that might qualify for sealing and focuses on the legal analysis. We review the ALJ's findings of fact for substantial evidence in the record, *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001), and we review the district court's decision de novo, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The SSA applies a five-step sequential analysis to determine whether an applicant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step four, the ALJ found that there was substantial evidence supporting residual functional capacity, and at step five found that other work existed in significant numbers in Jones's region which he could still perform.

The ALJ's reasons for discounting the medical opinions of several of the treating physicians and therapists as to residual functional capacity were supported by substantial evidence. The ALJ relied on the fact that the medical opinions were

inconsistent with treatment records. The conflicting evidence was such that a "reasonable mind might accept as adequate to support a conclusion" that the medical opinions in question were of minimal value compared to other medical opinions that squared with treatment records. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). The "ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence" such as those in the record here. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008).

Nor did the ALJ err in granting only minimal weight to Global Assessment of Functioning ("GAF") scores. The ALJ is not required to assign GAF scores controlling weight in the face of other conflicting record evidence.[1]

The ALJ was likewise justified in affording limited weight to the treating physicians' medical opinions. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (holding that a treating physician's diagnosis could be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record"). The ALJ provided specific, cogent reasons for assigning limited weight to the treating physicians' opinions. Additionally, the testimony of the non-

---

[1] SSA's unopposed motion for judicial notice of the Commissioner's Administrative Message 13066 on the consideration of GAF scores is granted.

examining state psychologists was consistent with other evidence showing improvement, and could be used to discount the opinions of the treating physicians. The record is sufficient to support the ALJ's weighing of the evidence and the conclusion that Jones had residual functional capacities. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Because the ALJ did not err in finding the evidence supported residual functional capacities, and because the ALJ did not distort those reasonably supported residual functional capacities in hypothetical questions to the vocational expert, the vocational expert's analysis was supported by the record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Thus, the vocational expert's analysis is substantial evidence that supports the ALJ's finding of no disability. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

**AFFIRMED**.